UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA DE PILAR PAEZ, and SANDRA FLORES,
on behalf of themselves, individually, and on behalf of
all others similarly-situated, and HENRY MEJIA,

                                Plaintiffs,

      -against-

MARTINEZ CLEANING CO INC,

                           Defendant.

------------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**CLASS AND COLLECTIVE ACTION**

Plaintiffs MARIA DE PILAR PAEZ and SANDRA FLORES, on behalf of themselves, individually, and on behalf of all others similarly-situated, ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), and Plaintiff HENRY MEJIA, individually, (altogether as "Plaintiffs"), by and through their attorneys, Joseph and Norinsberg, LLC, as and for their Complaint against MARTINEZ CLEANING CO INC ("Defendant"), allege upon personal knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1.    Plaintiffs bring this action for Defendant's violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; (ii) the overtime provisions of the New York Labor Law ("NYLL") §§ 160, 650 et seq., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); (iv) the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3); (v) the anti-retaliation provision of the NYLL, § 215(1); (vi) the anti-discrimination and anti-retaliation

provisions of the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107(1) and (7); (vii) the anti-retaliation provisions of the New York State Human Rights Law ("NYSHRL"); (viii) the timely payment of wages provisions of NYLL § 191; and (ix) any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.      Defendant is a cleaning company that provides janitorial services. Defendant employed Plaintiff Mejia as a field supervisor from 2012 to March 6, 2023, Plaintiff Paez as a janitor from December 2017 to August 2021, and Plaintiff Flores as a janitor from August 2019 to June 2023. All plaintiffs performed work at various locations in New York.

3.      Defendant refused to pay Plaintiffs Paez and Flores overtime wages in violation of federal and state law.

4.      Specifically, Plaintiff Paez typically worked well over forty hours per week across multiple locations, including A.H.R.C. Bloomberg, Hebrew Language Academy Charter School, Kids in The Game, Harlem Hebrew Language Academy Charter School, SVA Theatre, Canarsie Ascend Lower School, Bushwick Ascend Charter Elementary School, and Square Inc. Defendant failed to compensate Plaintiff Paez for her inter-site travel time, which often amounted to 1-2 hours per day, and did not pay her the required overtime rate for hours worked in excess of forty per week.

5.      Similarly, Plaintiff Flores worked approximately forty-three hours per week, primarily at Excellence Boys Charter School Elementary Academy and Harlem Hebrew Language Academy Charter School. But Defendant only compensated Plaintiff Flores for a maximum of forty hours per week, failing to pay for all hours worked and refusing to pay the required overtime rate for hours worked in excess of forty per week.

6.      Furthermore, Defendant deliberately hid its unlawful compensation practices by failing to furnish Plaintiffs with accurate and/or complete wage statements as required under the NYLL and NYCRR. Specifically, Defendant failed to regularly provide Plaintiffs with accurate wage statements on each payday.

7.      Defendant also routinely deducted an arbitrary number of hours from Plaintiffs Paez and Flores' actual hours worked, resulting in significant underpayment of wages. For Plaintiff Paez, this deduction amounted to as much as 7.5 hours per week during certain periods.

8.      In addition to wage violations, Plaintiff Mejia brings claims for retaliation and discrimination. Specifically, over the course of his employment, Plaintiff Mejia raised several concerns about staff such as Paez, Flores, and others not receiving proper wages, along with complaints concerning Defendant's treatment of immigrant workers. In response, Defendant retaliated against him by terminating his employment.

9.      Plaintiffs Flores brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

10.     Plaintiffs Paez and Flores also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

11.     Plaintiff Mejia asserts his claims against Defendant on an individual basis under the FLSA, NYLL, NYCHRL, and NYSHRL.

12.     Accordingly, Plaintiffs bring this action to remedy Defendant's violations of the FLSA, NYLL, NYCRR, NYCHRL, NYSHRL, and any other applicable laws.

## JURISDICTION AND VENUE

13.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et. seq. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367, which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as actions comprising the claims for relief occurred within this judicial district.

## PARTIES

### *Plaintiff Henry Mejia*

15.     Plaintiff Mejia is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

16.     Plaintiff Mejia was employed by Defendant as a field supervisor from 2012 to March 6, 2023.

17.     At all relevant times herein, Plaintiff Mejia was a "person" and an "employee" of Defendant within the meaning of the FLSA, NYLL, NYCRR, and NYCHRL.

### *Plaintiff Maria de Pilar Paez*

18.     Plaintiff Paez is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

19.     Plaintiff Paez was employed by Defendant as a janitor from December 2017 to August 2021.

20.     At all relevant times herein, Plaintiff Paez was a "person" and an "employee" of Defendant within the meaning of the FLSA, NYLL, and NYCRR.

***Plaintiff Sandra Flores***

21.     Plaintiff Flores is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

22.     Plaintiff Flores was employed by Defendant as a janitor from August 2019 to June 2023.

23.     At all relevant times herein, Plaintiff Flores was a "person" and an "employee" of Defendant within the meaning of the FLSA, NYLL, and NYCRR.

***Defendant Martinez Cleaning Co Inc***

24.     At all relevant times herein, Defendant was and is a domestic business corporation, with its principal place of business and service of process located at 90-07 31st Avenue, East Elmhurst, New York, 11369.

25.     Defendant owns, operates and manages a cleaning company that provides janitorial services.

26.     At all relevant times herein, Defendant was a "person" and an "employer" of Plaintiffs within the meaning of the FLSA, NYLL, NYCRR, and NYCHRL.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs Flores seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former hourly, non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendant as cleaners / manual workers, and who consent to file a claim to recover damages for: (1) overtime compensation that is

legally due to them; and/or (2) liquidated damages that are legally
due to them ("FLSA Plaintiffs").

28.     Defendant treated Plaintiff Flores and all FLSA Plaintiffs similarly in that Plaintiff

Flores and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Factual

Allegations" section above; (2) were subject to the same laws and regulations; (3) were paid in the

same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5)

were not paid the required one and one-half times their respective regular rates of pay for all hours

worked per workweek in excess of forty.

29.     At all relevant times, Defendant is and has been aware of the requirements to pay

Plaintiff Flores and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times

their respective regular rates of pay for all hours worked each workweek above forty, yet they

purposefully and willfully chose and choose not to do so.

30.     Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully

refusing to pay their employees overtime compensation for all hours worked per workweek above

forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

31.     In addition, Plaintiffs Paez and Flores seek to maintain this action as a class action

pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who

are similarly situated who, during the applicable limitations period, were subjected to violations

of the NYLL and the NYCRR.

32.     Plaintiffs Paez and Flores seek certification of the following FRCP 23 class:

> Current and former hourly, non-managerial manual workers /
> cleaner employees who performed any work for Defendant during
> the statutory period within the State of New York ("Rule 23
> Plaintiffs").

<u>Numerosity & Ascertainability</u>

33.     During the previous six years, the Defendant has employed at least forty employees that are putative members of this class.

34.     The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendant's personnel, time, and payroll records.

<u>Common Questions of Law and/or Fact</u>

35.     There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether the Defendant failed to pay Rule 23 Plaintiffs overtime compensation of one and one-half their regular rates of pay for all hours worked in excess of forty hours in a week; (5) whether the Defendant furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (6) whether the Defendant kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (7) whether the Defendant kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (8) whether the Defendant have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

36.     As described in the "Factual Allegations" section above, the Defendant employed Plaintiffs Paez and Flores and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiffs Paez and Flores' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendant as hourly, non-managerial employees in New York; the Defendant did not pay them overtime compensation of one and one-half times their regular rates of pay for all hours worked in a week over forty; and Defendant did not provide them with accurate wage statements on each pay day. Plaintiffs Paez and Flores and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, and to be furnished with accurate wage statements on each payday. Plaintiffs Paez and Flores and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and supporting regulations. Plaintiffs Paez and Flores and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiffs Paez and Flores' claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

37.     Plaintiffs Paez and Flores, as described above, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant. Defendant did not pay Plaintiffs Paez and Flores overtime for all hours worked over forty hours in a week, and did not furnish Plaintiffs Paez and Flores with accurate wage statements on each payday, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiffs Paez and Flores fully anticipate providing discovery responses and testifying under oath as to all of the

matters raised in this Complaint and that will be raised in Defendant's Answer. Thus, Plaintiffs Paez and Flores would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

Superiority

38.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender.

39.    Plaintiffs Paez and Flores have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendant treated Plaintiffs Paez and Flores identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

40.    Any lawsuit brought by an hourly, non-managerial employee of the Defendant would be identical to a suit brought by any other hourly employee for the same violations. Thus, separate litigation would risk inconsistent results.

41.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **FACTUAL ALLEGATIONS**

### ***Plaintiff Henry Mejia***

42.    In 2012, Defendant hired Plaintiff Mejia as a field supervisor.

43.  As a field supervisor, Plaintiff Mejia oversaw sites, ensured employees carried out their duties, delivered supplies, communicated with vendors and facility leaders, and frequently performed cleaning work himself.

44.  Throughout his employment, Plaintiff Mejia's relationship with the Company's office manager, Vicky Montoya ("Ms. Montoya"), deteriorated significantly as he repeatedly voiced objections to the company's treatment of immigrant employees.

45.  Plaintiff Mejia vehemently opposed what he observed to be the Company's deeply unethical practices, including: exploiting immigrant workers believed to be undocumented; conducting fraudulent background checks designed to evade discovery by federal, state, and local taxing authorities; and threatening immigrant employees with termination if they raised employment-related issues, even for matters as simple as requesting paid time off or reporting illnesses.

46.  Plaintiff Mejia also raised concerns about the Company's failure to compensate janitorial employees for all hours worked, including time spent commuting between jobsites. Furthermore, Mejia discovered and objected to Martinez Cleaning's practice of arbitrarily reducing janitorial employees' reported work hours.

47.  Plaintiff Mejia courageously confronted these appalling practices, voicing his opposition directly to both Mr. Marcello Martinez (one of the Defendant company's owners) ("Marcello"), and Ms. Montoya.

48.  Over time, Ms. Montoya's influence over Marcello Martinez became evident as Mr. Mejia faced increasing mistreatment, including unfavorable work assignments, restrictions on taking allotted time off, and ultimately, his termination.

49.     In mid-February 2023, shortly after Plaintiff Mejia voiced yet another complaint about the Company's refusal to grant sick time to immigrant employees, Ms. Montoya issued a purportedly "company-wide" directive requiring employees to take any paid vacation before the end of March 2023.

50.     Plaintiff Mejia complied with this directive and scheduled two weeks of paid time off.

51.     Upon his return from vacation on March 6, 2023, Plaintiff Mejia was abruptly terminated. Marcello claimed the Company was "making cuts," but this justification was clearly pretextual, as no other employees were terminated or laid off based on these alleged "cuts."

52.     Defendant terminated Plaintiff Mejia in retaliation for his ongoing complaints of unpaid wages in violation of the FLSA and NYLL, and discrimination based on perceived immigration status, in violation of the NYCHRL and NYSHRL, respectively.

### *Plaintiff Maria de Pilar Paez*

53.     In December 2017, Defendant employed Plaintiff Paez as a janitor.

54.     For her work, Defendant paid Plaintiff Paez at the hourly rates of $11.00 per hour from the start of her employment until early 2018;  $13.10 per hour from early 2018 until early 2019; and $15.10 per hour from early 2019 until the conclusion of her employment.

55.     From December 2017 to August 2021, Plaintiff Paez performed janitorial duties at multiple locations, including: A.H.R.C. Bloomberg, Queens, NY;  Hebrew Language Academy Charter School, Brooklyn, NY;  Kids in The Game, New York, NY;  Harlem Hebrew Language Academy Charter School, New York, NY;  SVA Theatre, New York, NY;  Canarsie Ascend Lower School, Brooklyn, NY;  Bushwick Ascend Charter Elementary School, Brooklyn, NY; and  Square Inc., New York, NY.

56.     Throughout her employment, Plaintiff Paez worked at multiple locations each day, beginning at one site and transitioning to another by a predetermined time.

57.     Defendant consistently failed to compensate Plaintiff Paez for her inter-site travel time.

58.     From December 2017 to April 2018, Plaintiff Paez worked approximately 36 hours weekly to acclimate to her role and undergo performance evaluation.

59.     Beginning in or around late May or early June 2018, Plaintiff Paez's work schedule changed.

60.     From late May / early June 2018 through late October / Early November 2018, Plaintiff Paez worked at the AHRC Bloomberg location from, 7:30 am to 1:30 pm; then traveled to the Bushwick Ascend Charter Elementary School and worked from 3:00 pm to 9:00 pm. In addition, for two-to-three Saturdays and/or Sundays each month, Plaintiff Paez worked at the SVA Theatre location, from either 10:00 am to 1:00 am or 4:00 pm to 1:00 am.

61.     During this approximately five-month period, Plaintiff Paez traveled within her workday between these job locations for at least one hour each day, without receiving any compensation for this travel intra-day time.

62.     Plaintiff Paez's scheduled changed again beginning in or around late October/ early November 2018 through March 2020.

63.     During this approximately one and one-half year time period, Plaintiff Paez worked at the AHRC Bloomberg from 7:30 am to 1:30 pm;  the Canarsie Ascend Lower School: 4:00 pm to 10:00 pm;  plus the same roughly bi-weekly weekend work at the SVA Theatre of two-to-three Saturdays and/or Sundays each month, from either 10:00 am to 1:00 am or 4:00 pm to 1:00 am

64.     During this time period, Plaintiff Paez traveled within her workday between these job locations for at least one and one-half hour each day, still without receiving any compensation for this travel intra-day time Commute time between locations.

65.     Next, from the onset of the COVID-19 Pandemic in late March 2020 through February 2021, Plaintiff Paez exclusively worked at the Bloomberg Location, six days per week from Monday through Saturday, from 7:30 am until 1:30 pm, for a total of 36 hours of work each week.

66.     Then, her schedule changed again in or around late February/ early March 2021 for one month until April 2021, working the same hours at the Bloomberg location plus also working from 4:00 pm until 8:00 pm, Monday through Friday, at another location, "Kids in the Game."

67.     During this one-month time period, Plaintiff Paez traveled within her workday between these job locations for at least two hours each day, still without receiving any compensation for this travel intra-day time.

68.     Next, from in or around April 2021 through late June / early July 2021, Plaintiff Paez worked at the Harlem Hebrew Language Academy Charter School, from 8:00 am to 5:00 pm, Monday to Friday;  the "Kids in The Game" location, Monday through Friday, from 5:00 pm to 9:00 pm, for a total of 65 hours in the week.

69.     Because these two locations were in close proximity to one another, Plaintiff Paez spent only 5-10 minutes each day traveling between job sites, for a total of between 25 and 45 minutes each week of uncompensated travel time.

70.     For her final schedule from in or around late June/ early July 2021 to the conclusion of her employment, Plaintiff Paez worked at two different locations, but only one each day, without any intra-day travel time.

71.     Throughout her entire employment, as reflected above, Defendant consistently failed to compensate Plaintiff Paez for her inter-site travel time.

72.     In addition to withholding compensation for travel time, Defendant routinely deducted an arbitrary number of hours from Plaintiff Paez's actual hours worked, amounting to as much as 7.5 hours per week, which occurred during the period from April 2021 to in or about late June/ early July 2021.

73.     On average, Plaintiff Paez worked approximately 55 hours per week.

74.     Defendant consistently failed to provide Plaintiff Paez with overtime compensation for hours worked in excess of 40 hours per week.

75.     Defendant paid Plaintiff Paez weekly via direct deposit but failed to provide her with accurate wage statements that accurately listed, *inter alia*, her actual hours worked.

***Plaintiff Sandra Flores***

76.     In August 2019, Defendant hired Plaintiff Flores to work as a janitor.

77.     From August 2019 to June 2023, Plaintiff Flores performed janitorial duties at two locations.

78.     For her work, Defendant. Paid Plaintiff Flores $16.00 per hour from 2019-2020, and $17.00 per hour from 2020 until the end of her employment in 2023.

79.     From August 2019 to April 2020, she worked at Excellence Boys Charter School Elementary Academy in Brooklyn, NY.

80.     Throughout this time period, Plaintiff Flores's work schedule was Monday through Friday, from 9:00 pm to 6:00 am. She was entitled to a 1-hour lunch break, which was automatically deducted from her pay. However, she only took an uninterrupted break as many as

2 times per week, resulting in uncompensated working time of at least 3 hours per week when she worked through her lunch.

81.     Moreover, Plaintiff Flores routinely worked until at least 6:30pm because of her obligation to finish her work at the Excellence Boys Charter School, which was beyond her scheduled end-time remaining at 6:00 pm.

82.     As a result, Plaintiff Flores worked 47 hours per week.

83.     Despite working 47 hours per week, Defendant only paid Plaintiff Flores at most 44 hours per week, failing to pay her anything for three hours of overtime each week.

84.     Moreover, Defendant also routinely deducted an arbitrary number of hours from Plaintiff Flores's actual hours worked.

85.     As a result, Defendant compensated Plaintiff Flores for a maximum of 40 hours per week, failing to pay for all hours worked, during many weeks of her employment.

86.     Plaintiff Flores was then furloughed from April 2020 to February 2021 due to the COVID-19 pandemic, returning to work after the furlough.

87.     Upon return, Plaintiff Flores worked from February 2021 through June 2023, at the Harlem Hebrew Language Academy Charter School in New York, NY.

88.     During this period, Plaintiff Flores's work schedule was 9am to 5:30pm, with a 30-minute lunch breach automatically deducted from her paycheck each week. However, Plaintiff Flores was not able to take her 30-minute lunch break without interruption, resulting in her working through lunch without receiving any pay.

89.     Despite this schedule, Plaintiff Flores routinely continued working beyond the end of her work schedule each day until between 6pm and 6:20pm.

90.     As a result, during this period, Plaintiff Flores worked an average of 45 hours per week.

91.     Yet during this period from February 2021 through June 2023 while working at the Harlem Hebrew Language Academy Charter School, Defendant never paid Plaintiff Flores her owed overtime compensation for her unpaid lunch work, nor for her any of time she spent working at the end of her workday after the conclusion of her scheduled shift between 5:30pm and 6:20pm.

92.     Defendant maintained Plaintiff Flores's timesheets through her supervisor.

93.     Defendant failed to provide Plaintiff Flores with pay stubs that accurately listed her actual hours of work each week.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*
(On Behalf of Plaintiffs Flores and FLSA Plaintiffs)

94.     Plaintiff Flores and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

95.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

96.     As described above, Defendant is an "employer" within the meaning of the FLSA, while Plaintiff Flores and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

97.     Plaintiff Flores and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff Flores and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

98.     Defendant willfully violated the FLSA, in that they knowingly and unlawfully deducted hours from Plaintiff Flores's pay, failed to issue her accurate and timely wage notices,

and required her to work through lunch despite automatically deducting pay from her wages each week.

99.     Plaintiff Flores and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

100.     Plaintiff Flores and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the NYLL and the NYCRR*
(On Behalf of Plaintiffs Paez and Flores and Rule 23 Plaintiffs)

101.     Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

102.     N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

103.     Defendant is an "employer" within the meaning of the NYLL and the NYCRR, while Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are "employees" within the meaning of the NYLL and the NYCRR.

104.     Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

105.    Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

106.    Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*
### (On Behalf of Plaintiffs Paez and Flores and Rule 23 Plaintiffs)

107.    Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

109.    As described above, Defendant, on each payday, failed to furnish Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with accurate wage statements containing the criteria required under the NYLL.

110.    Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs Paez and Flores, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Violations of the Anti-Retaliation Provisions under the FLSA, 29 U.S.C. § 215(a)(3)*
### (On Behalf of Plaintiff Mejia Only)

111.    Plaintiff Mejia repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

112.    The Fair Labor Standards Act § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . related to" FLSA's provisions.

113.    As set forth above, Defendant retaliated against Plaintiff Mejia for engaging in protected activity. Specifically, Defendant terminated Plaintiff Mejia's employment shortly after he complained about the Company's treatment of immigrant employees, refusal to permit them to take sick time, and refusal to pay them for time spent traveling in between worksites, the latter of which relates to violations of the FLSA's provisions.

114.    As a direct and proximate result of Defendant's conduct in violation of the FLSA, Plaintiff Mejia has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Violations of the Anti-Retaliation Provisions under the NYSHRL*
### (On Behalf of Plaintiff Mejia Only)

115.    Plaintiff Mejia repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

116.    The New York State Human Rights Law prohibits retaliation against employees who engage in protected activity.

117.    As set forth above, Defendant retaliated against Plaintiff Mejia for engaging in protected activity. Specifically, Defendant terminated Plaintiff Mejia's employment shortly after

he complained about the Company's treatment of immigrant employees and refusal to permit them to take sick time, in violation of the NYSHRL.

118.    As a direct and proximate result of Defendant's conduct in violation of the NYSHRL, Plaintiff Mejia has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Violations of the Anti-Retaliation Provisions under the NYCHRL*
(On Behalf of Plaintiff Mejia Only)

119.    Plaintiff Mejia repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

120.    The New York City Human Rights Law, N.Y. Admin. Code § 8-107(7), prohibits retaliation against employees who engage in protected activity.

121.    As set forth above, Defendant retaliated against Plaintiff Mejia for engaging in protected activity. Specifically, Defendant terminated Plaintiff Mejia's employment shortly after he complained about the Company's treatment of immigrant employees and refusal to permit them to take sick time, in violation of the NYCHRL.

122.    As a direct and proximate result of Defendant's conduct in violation of the NYCHRL, Plaintiff Mejia has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Violations of the Anti-Retaliation Provisions under the NYLL § 215(1)*
(On Behalf of Plaintiff Mejia Only)

123.    Plaintiff Mejia repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

124. New York Labor Law § 215(1) provides that "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer . . . that the employer has violated any provision of this chapter [the Labor Law]."

125. As set forth above, Defendant retaliated against Plaintiff Mejia for engaging in protected activity. Specifically, Defendant terminated Plaintiff Mejia's employment shortly after he complained about the Company's treatment of immigrant employees and refusal to permit them to take sick time, as well as Defendant's requirement that employees work through lunch and travel between worksites without compensation all within the day's work, in violation of the NYLL § 215(1).

126. As a direct and proximate result of Defendant's conduct in violation of the NYLL, Plaintiff Mejia has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

## DEMAND FOR A JURY TRIAL

127. Pursuant to FRCP 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Mejia, Paez, Flores, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully demand judgment against Defendant as follows:

A. Preliminary and permanent injunctions against Defendant, and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with the Defendant, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned laws;

C.      An order restraining Defendant from any retaliation against Plaintiffs Mejia, Paez, Flores, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

D.      Designation of this action as an FLSA collective action on behalf of Plaintiffs Paez and Flores and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

F.      Designation of Plaintiffs Paez and Flores and their counsel as class/collective action representatives under the FRCP and the FLSA;

G.      An award of damages for all unpaid overtime compensation due and owing to Plaintiffs Paez and Flores and similarly situated employees, plus liquidated damages, interest, and attorneys' fees and costs as provided for under the FLSA and NYLL;

H.      An award for failure to provide wage statements as required by NYLL § 195(3);

I.      An award of damages for Defendant's retaliatory conduct against Plaintiff Mejia as provided for under the FLSA, NYSHRL, NYCHRL, and NYLL;

J.      An award of damages for Defendant's failure to pay prevailing wages to Plaintiff Mejia as required by NYLL;

K.      Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless and/or intentional conduct;

L.      An award to the Plaintiffs for the costs and disbursements of this action, including

reasonable attorneys' fees, expert fees, and other costs;

M.      Pre-judgment and post-judgment interest, as provided by law; and

N.      Granting Plaintiffs Mejia, Paez, Flores, FLSA Plaintiffs, and Rule 23 Plaintiffs such

other and further relief as this Court finds necessary and proper.

Date:   New York, New York
        November 1, 2024

                                        Respectfully submitted,

                                        **JOSEPH & NORINSBERG, LLC**

                        By:     _____
                                Michael R. Minkoff, Esq.
                                Jon L. Norinsberg, Esq.
                                110 East 59th Street, Suite 2300
                                New York, New York 10022
                                *Attorneys for Plaintiffs and Putative*
                                *Collective and Class*